UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL JAY ROBINSON, | No. CV 17-06970-VBF (DFM) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| UNITED STATES DISTRICT COURT OF CALIFORNIA, | |
| Respondent. | |

On September 21, 2017, Michael Jay Robinson ("Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction. Dkt. 1 ("Petition") at 1.[1] According to the California Court of Appeal website,[2] Petitioner's challenged conviction

---

[1] All citations to the Petition use the CM/ECF pagination.

[2] The Court takes judicial notice of the state appellate court's records related to Petitioner's case, which are available at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records), overruled on other grounds as recognized in Cross v. Sisto, 676 F.3d 1172, 1178-79 (9th Cir. 2012).

occurred in September 2000 in Los Angeles County Superior Court (Case No. GA041966). See California Courts, Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov. The state appellate court affirmed his conviction in September 2002 (Case No. B144770). Id. The California Supreme Court denied review in August 2002 (Case No. S107909). Id. Petitioner does not appear to have filed a petition for writ of certiorari with the United States Supreme Court. On June 21, 2006, Petitioner filed a habeas petition in the Los Angeles County Superior Court. Id. It was summarily denied by order on June 27, 2006. Id. Petitioner is presently serving the 70 years to life sentence imposed in 2000. Petition at 1.

For the reasons discussed below, the Petition appears to be untimely by several years. Petitioner is therefore ordered to show cause in writing within twenty-eight (28) days of the service of this Order why his Petition should not be dismissed with prejudice as time barred.

**A.      The Petition Is Facially Untimely**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The California Supreme Court denied Petitioner's petition for review on August 21, 2002. Petitioner does not appear to have filed a petition for writ of certiorari in the United States Supreme Court. Therefore, his conviction became final 90 days later, on November 19, 2002. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). If the Court assumes that date is the date Petitioner's limitation period began to run, Petitioner then had one year from the date his judgment became final, or until November 20, 2003, to timely file

2

a habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). However, Petitioner did not file the instant action until September 21, 2017, almost 14 years too late.

**B.     Later Trigger Dates**

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B), (C), or (D). He does not assert that he was impeded from filing his federal petition by unconstitutional state action. See § 2244(d)(1)(B). Nor are his claims based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See § 2244(d)(1)(C). Finally, Petitioner has been long aware of the underlying factual predicates of his claims, which challenge the evidence presented at trial. See Petition at 7-9; § 2244(d)(1)(D); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying claims, not when he realized their "legal significance"). To the extent that Petitioner argues that bystander testimony was newly discovered, the witness testimony "could have been discovered through the exercise of due diligence." See Petition at 7, § 2244(d)(1)(D).

**C.     Statutory Tolling**

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). According to information available on the California Court of Appeal website, Petitioner did not file a state habeas petition until June 21, 2006, long after the limitation period expired. See California Courts, Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov (search for case no. B191781). He

3

therefore is not entitled to statutory tolling. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of a limitation period that ended before the state petition was filed[.]").

**D.   Equitable Tolling**

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented his timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has noted that its "sparing application of the doctrine of equitable tolling" is consistent with the Pace standard. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

"Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted, alteration in original). Consequently, equitable tolling is justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). The petitioner bears the burden of demonstrating by a preponderance of the evidence that AEDPA's limitation period should be equitably tolled. See Pace, 544 U.S. at 418; Holt v. Frink, No. 15-01302, 2016 WL 125509, at *4 (N.D. Cal. Jan. 12, 2016) (collecting cases).

Here, Petitioner has not addressed his failure to file in a timely manner or contend that he took any action before the AEDPA limitation expired.

4

Thus, Petitioner has failed to demonstrate that he pursued his rights diligently.

**E.    Conclusion**

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of a petition, and it may summarily dismiss the petition on that ground under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that within twenty-eight (28) days of the service of this Order, Petitioner show cause in writing why the Court should not dismiss this action with prejudice because it is untimely. If Petitioner intends to rely on the equitable-tolling doctrine, he will need to include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." He may submit any other evidence he deems appropriate to support his claim for tolling.

Petitioner is expressly warned that his failure to timely respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.

Dated: October 26, 2017

DOUGLAS F. McCORMICK
United States Magistrate Judge